WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth W Sebert, et al., | No. CV-16-00354-PHX-ROS (ESW) |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Asia Lynn Sebert, who is represented by counsel, filed an original Complaint and Amended Complaint in the Maricopa County Superior Court (Doc. 1, Att. 3, 4). On February 6, 2016, Defendant Arizona Department of Corrections filed a Notice of Removal (Doc. 1), paid the filing fee, and removed the action to this Court. On February 12, 2016, Defendant Arizona Department of Corrections filed an Unopposed Motion to Extend Responsive Pleading Deadline (Doc. 4), which was granted in an Order filed on February 16, 2016 (Doc. 5). On February 19, 2016, Plaintiff filed a Second Amended Complaint (Doc. 6). On February 22, 2016, Defendants Wexford Health Sources, Inc. and Caron Grant-Ellis filed an Answer to the First Amended Complaint (Doc. 7). On February 22, 2016, Defendants Corizon Health Inc., Corizon Inc., Corizon LLC, and Corizon Health of New Jersey LLC filed an Answer to the First Amended Complaint (Doc. 10). The Arizona Department of Corrections ("ADOC"), State of Arizona, and ADOC Director Charles Ryan (collectively "State Defendants") filed a

Motion to Dismiss all claims (Doc. 13). Defendant Villavicencio filed a Motion to Dismiss and Joinder with the State Defendants' Motion to Dismiss (Doc. 14). Defendants Wexford Health Sources, Inc. and Caron Grant-Ellis filed a Motion for Judgment on the Pleadings as to Plaintiff's First Amended Complaint (Doc. 17).

Plaintiff has filed a Supplemental Response to State Defendants' and Villavicencio's Motions to Dismiss, or in the Alternative, Separate Motion for F.R.C.P. 56(d) Relief (Doc. 26). State Defendants filed a Motion to Strike (Doc. 28) the Supplemental Response.

The Court has considered all non-dispositive, pending motions and sets forth its ruling herein.

## I. DISCUSSION

**Motion to Strike (Doc. 28)**

State Defendants move to strike Plaintiff's Supplemental Response to State Defendants' and Villavicencio's Motions to Dismiss (Doc. 26) pursuant to LRCiv 7.2(m) because Plaintiff's Supplemental Response was not solicited by the Court or authorized under LRCiv 7.2(c). Plaintiff's Supplemental Response was filed after Defendants' Reply briefs (Docs. 24, 25) and is deemed a sur-reply. The Court has discretion to permit the filing of a sur-reply. In determining whether to allow a sur-reply, a "district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Doe v. Exxon Mobil Corporation*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (citation and internal quotation marks omitted).

A new issue is raised in the State Defendants' Reply. The State Defendants assert that "Because Plaintiff submitted exhibits [with Plaintiff's Response to the Motion to Dismiss], this Court may properly deem the motion as converted into one for summary judgment." (Doc. 24 at 3). In the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside

the pleading happen to be filed with the court and not expressly rejected by the court." *North Star Int'l v. Arizona Corporation Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated motion as motion to dismiss, despite presence of affidavits, where there was no indication of the court's reliance on outside materials and the court expressly stated that it was dismissing for failure to state a claim upon which relief could be granted); *Keams v. Temple Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) ("12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials"). Rather, "a district court must take some affirmative action to effectuate conversion." *Swedberg v. Marotzke*, 339 F.3d 1139, 1142 (9th Cir. 2003).

Because the State Defendants' Reply raises the issue as to whether the Court should convert the Motion to Dismiss to a motion for summary judgment, it is appropriate to allow the filing of a sur-reply. Moreover, the State Defendants have replied to the Supplemental Response and fully articulated their position in opposition to Plaintiff's Supplemental Response. The Court does not find that permitting the Supplemental Response would be unduly prejudicial to Defendants. Therefore, the Motion to Strike will be denied.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Motion to Strike (Doc. 28).

**IT IS FURTHER ORDERED** withdrawing the reference to the Magistrate Judge on the following fully briefed dispositive motions: State Defendants' Motion to Dismiss (Doc. 13); Defendant Villavicencio's Motion to Dismiss and Joinder with the State Defendants' Motion to Dismiss (Doc. 14); and Defendants Wexford Health Sources, Inc. and Caron Grant-Ellis' Motion for Judgment on the Pleadings (Doc. 17).

Dated this 17th day of June, 2016.

_____
Eileen S. Willett
United States Magistrate Judge