WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth W Sebert, et al., | No. CV-16-00354-PHX-ROS (ESW) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Pending before the Court is the Court's Order (Doc. 94) and Putative Defendants Moody and O'Neil's Motion to Quash Service (Doc. 95). The parties have responded to the Court's order to show cause, and Putative Defendants' Motion to Quash Service is fully briefed and deemed submitted for decision. The determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following Report and Recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure and 28 U.S.C.§ 636(b)(1)(B) and (C).

## I. DISCUSSION

On September 30, 2016, the Court issued an Order (Doc. 94) requiring the Plaintiff to show cause (i) why the Court should not dismiss Defendants Moody and O'Neil from the action for Plaintiff's failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and (2) why the Court should not dismiss Defendant's Corizon, LLC and Corizon Health of New Jersey, LLC from the action for Plaintiff's failure to serve pursuant to

Rule 4(m), Fed. R. Civ. P. and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure.  Plaintiff responded (Doc. 97) and State Defendants and Putative Defendants Moody and O'Neil replied and objected (Doc. 98).

Plaintiff agrees that Defendants Corizon LLC and Corizon Health of New Jersey, LLC should be dismissed from this action without prejudice.  The Magistrate Judge will recommend dismissal of Defendants Corizon LLC and Corizon Health of New Jersey, LLC from this action without prejudice.

The Plaintiff objects to dismissal of all claims regarding Defendants Moody and O'Neil because Plaintiff believes these Defendants were properly served and have appeared as "State Defendants" in the Motion to Dismiss (Doc. 13).  As the Motion to Dismiss has been fully briefed, the Plaintiff asserts that she has prosecuted her case as to Defendants Moody and O'Neil.  However, putative Defendants Moody and O'Neil have filed a Motion to Quash Service (Doc. 95), which asserts that Defendants Moody and O'Neil were never properly served.   In addition, putative Defendants argue that Plaintiff's belief that Defendants Moody and O'Neil have appeared through State Defendants' Motion to Dismiss (Doc. 13) is incorrect and unsupported by the record. The Magistrate Judge agrees.

In State Defendants' Motion to Dismiss (Doc. 13 at 1), defense counsel clearly defines "State Defendants" as "[t]he Arizona Department of Corrections ('ADC'), State of Arizona, and ADC Director Charles Ryan (collectively the 'State Defendants') . . . ." Defendants Moody and O'Neil are not mentioned in the Motion.  Furthermore, the Magistrate Judge notes that Defendant Villavicencio filed his own Motion to Dismiss and Joinder with the State Defendants' Motion to Dismiss. (Doc. 14).  Defendants Moody and O'Neil did not appear as a State Defendant, nor did they file their own motion to dismiss. Plaintiff's erroneous belief that they were included in State Defendants' Motion to Dismiss is not supported by the record.

Putative Defendants Moody and O'Neil further argue in their Motion to Quash Service (Doc. 95 at 2-4) that they were not properly served with Plaintiff's Second

Amended Complaint.  A review of the docket reflects that Affidavits of Service by a Private Process Server (Docs. 80-81) were filed reflecting that service of process as to Defendants Moody and O'Neil was effectuated on May 16, 2016 by delivering the summons and Second Amended Complaint to a female adult working in the Attorney General's office located at 1275 W. Washington Street, Phoenix, AZ.    Defendants Moody and O'Neil are alleged to be employees of the Arizona Department of Corrections (the "ADC"), not the Office of the Attorney General.  Though the Attorney General represents the ADC, no waiver of service was filed as to either Defendant Moody or O'Neil by counsel for the ADC.  Therefore, personal service upon Defendants Moody and O'Neil is required pursuant to Rule 4(e), Fed. R. Civ. P.  The Magistrate Judge finds that Plaintiff has not effectuated service of process as to Defendants Moody and O'Neil in substantial compliance with Rule 4(e), Fed. R. Civ. P. and Rule 4.1(d), Ariz. R. Civ. P. Defendants Moody and O'Neil were never served with the original Complaint or Amended Complaint, therefore service on defense counsel of the Second Amended Complaint pursuant to Rule 5(b), Fed. R. Civ. P., is not appropriate as urged by Plaintiff. Nor does service on ADC as an entity constitute personal service on Defendants Moody and O'Neil as individuals.  The Magistrate Judge will recommend that the Motion to Quash (Doc. 95) be granted.

The Magistrate Judge further finds that the time within which service was required to occur has expired.  *See* Rule 4(m), Fed. R. Civ. P.; Order (Doc. 12).  "Rule 4(m) . . . *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003)).  In the absence of good cause, the Court in its discretion may grant an extension of time for service; "[h]owever, no court has ruled that the discretion is limitless."  *Id*. at 1041.  The Court may consider such factors as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id*. (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff urges the Court to accept service of process upon the Attorney General's office for Defendants Moody and O'Neil on the basis of an email dated May 12, 2016 from defense counsel which states in pertinent part:  "First, I appreciate that your office respects the security implications at stake when it comes to service of process on law enforcement officials.  I am thankful that you chose to list only the Attorney General address for most of these officials, for example . . . . [P]lease do not have any process server look up and show up to an ADC official's personal residence.  That step would require disclosing the address to a private process server.  Unlike federal marshalls [sic] and county sheriff employees, private process servers are not always vetted for security." (Doc. 99-2 at 2).  Read in context with filings appearing on the docket, the Magistrate Judge notes each summons for Defendants Moody and O'Neil listed for an address the Attorney General's Office.  (Docs. 69-70).  From the above email, Plaintiff concluded that defense counsel accepted service of process for Defendants Moody and O'Neil at the Office of the Attorney General.  However, this conclusion is directly contradicted by Plaintiff's acknowledgment that, although requested, "[a]cceptances and waivers were not given."  (Doc. 99 at 3).  Plaintiff alternatively moves for an order granting an enlargement of time for service should the Motion to Quash be granted.  However, Plaintiff has not set forth good cause for an extension of time to serve Defendants Moody and O'Neil pursuant to Rule 4(m), Fed. R. Civ. P.

The Magistrate Judge next considers whether in its discretion such an extension of time should nevertheless be granted.  Here, actual notice of the lawsuit has been given. In addition, there is no indication in the record that Defendants Moody and O'Neil are no longer employed by ADC.  Service therefore could be accomplished at their place of employment, if not their residences.  A Rule 16 Scheduling Conference has not been set due to the filing of dispositive motions by the Defendants who have appeared.  Therefore, prejudice to Defendants Moody and O'Neil for this six month delay in service is not great.  Plaintiff's counsel's confusion over service of process as explained is sincere.  The Magistrate Judge will recommend that the Court, in its discretion, grant Plaintiff an

extension of time of sixty (60) days from the filing of this Order to effectuate service of process upon Defendants Moody and O'Neil.

Even assuming arguendo that Plaintiff properly served Defendants Moody and O'Neil on May 16, 2016, Plaintiff has not shown good cause for failing to prosecute her case against them.  Defendants Moody and O'Neil did not answer or otherwise respond to Plaintiff's Second Amended Complaint.  The time to do so has long since passed.  Plaintiff did nothing to move her case against Defendants Moody and O'Neil forward to conclusion.

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962); *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995).  In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id*. at 633.  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case against Defendants Moody and O'Neil, the Court must weigh the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

### A. Factors One and Two: Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

"[T]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff originally filed her Complaint and Demand for Jury Trial (Doc. 1-5 at 5) on November 9, 2015 in the Maricopa County Superior Court.   After Plaintiff filed her Amended

Complaint (Doc. 1-4 at 2) on January 5, 2016,  Defendant ADC filed a Notice of Removal Under 28 U.S.C.§ 1441(b) (Doc. 1), initiating proceedings before the U.S. District Court.  Plaintiff thereafter filed a Second Amended Complaint (Doc. 6), naming Defendants Moody and O'Neil on February 19, 2016.  The Court ordered that Plaintiff serve the Second Amended Complaint within 90 days of the filing of the Second Amended Complaint or 60 days of the filing of the Order, whichever was later.  (Doc. 12 at 2).  Defendants ADC, State of Arizona, Ryan, and Villavicencio have filed Motions to Dismiss (Docs. 13-14).  Defendants Wexford Health Sources Inc. and Caron Grant-Ellis have filed a Motion for Judgment on the Pleadings (Doc. 17).  Defendants Corizon Health, Inc. and Corizon Inc. have filed a Motion for More Definite Statement Per F.R.C.P. 12(e) (Doc. 74).  The motions are fully briefed.    The case has now been pending for a year.  Plaintiff has failed to move the case forward as to Defendants Moody and O'Neil.  Plaintiff's conduct has adversely affected the Court and public's interest in judicial efficiency and the prompt resolution of cases.  Further, the Court's interest in controlling its docket supports the dismissal of this action that Plaintiff effectively abandoned as to Defendants Moody and O'Neil.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (recognizing the "district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants . . . .").  For these reasons, factors one and two weigh in favor of dismissing this case as to Defendants Moody and O'Neil.

## B.  Factor Three: The Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v. United States Postal Serv.,* 833 F.2d 128, 131 (9th Cir. 1987)).  Plaintiff alleges that she has sustained significant physical and emotional injuries arising from Defendants' actions.  Plaintiff's delay negatively impacts Defendants Moody and O'Neil's ability to conduct timely discovery and prepare a defense.  "[T]he law presumes injury from

unreasonable delay." *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970).  "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant[s'] preparations." *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (citing *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965)).  Plaintiff rebuts this presumption by asserting that Defendants Moody and O'Neil have notice of the lawsuit and defense counsel.  The Magistrate Judge further notes that discovery has not yet begun due to pending dispositive motions.  The Magistrate Judge finds that the risk of prejudice to Defendants is not great if this case is not dismissed for Plaintiff's failure to prosecute and obey the Court's orders.  Factor three weighs in favor of allowing the case against Defendants Moody and O'Neil to proceed.

### C. Factor Four: Public Policy Favoring Disposition of Cases on their Merits

Public policy favors disposition of cases on their merits.  Though Plaintiff's delay in prosecuting her case against Defendants Moody and O'Neil defeats this goal, the delay has not been great.  Plaintiff  has failed to timely serve Defendants Moody and O'Neil. Even assuming proper service of process, Plaintiff failed to move for default judgment when Defendants failed to appear by responsive pleading.  No good cause has been shown for Plaintiff's failure to prosecute the case with reasonable diligence.  *See id*. at 524-25 (one year delay in service of process resulted in prejudice to defendants where death of litigants prevented significant contribution to defense planning).  Plaintiff's conduct in this case, however, does not overcome the public policy that weighs against dismissal.  Factor four weighs in favor of not dismissing the case as to Defendants Moody and O'Neil.

### D. Factor Five: The Availability of Less Drastic Sanctions

The Court may pursue remedies that are less drastic than dismissal of Plaintiff's suit.  *See Malone*, 833 F.2d at 131-32 (9th Cir. 1987) (before dismissing a case as a sanction, a district court must first consider the impact of the sanction and the adequacy of less drastic sanctions).  Plaintiff was explicitly warned that the Court may dismiss this

action if Plaintiff failed to timely serve Defendants.  *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (stating that a court's warning to a party that the failure to obey a court order will result in dismissal can meet the requirement that the court considered alternatives).  Despite the Court's warning, Plaintiff failed to timely serve her Second Amended Complaint on Defendants Moody and O'Neil.  Plaintiff was represented by counsel during the time period for service and responsive pleading imposed by the Court and Federal Rules of Civil Procedure.  Plaintiff's belief that Defendants Moody and O'Neil were included in the "State Defendants" who appeared to in the Motion to Dismiss was not reasonable under the circumstances.  Nevertheless, service of process is readily possible, and the Defendants are aware of the litigation.  Less drastic sanctions than dismissal of the lawsuit are available.  Factor five weighs in favor of not dismissing the lawsuit as to Defendants Moody and O'Neil.

Having weighed all the factors, the undersigned finds that Plaintiff's failure to prosecute does not warrant dismissal of Defendants Moody and O'Neil from this action. In addition, because the Court issued its Order to show cause on the Court's own motion, an award of attorney's fees is not required. Plaintiff is now unrepresented.  The Magistrate Judge will recommend that the Court in its discretion issue no sanctions for Plaintiff's failure to prosecute the case as to Defendants Moody and O'Neil.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Court grant Putative Defendants' Moody and O'Neil's Motion to Quash Service (Doc. 95).

**IT IS FURTHER RECOMMENDED** that the Court direct the Clerk of Court to mail Plaintiff a copy of this Order and service packets for Defendants Moody and O'Neil.

**IT IS FURTHER RECOMMENDED** that the Court order Plaintiff to complete and return the service packets to the Clerk of Court within ten (10) days of the date of filing of the Court's Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with the Court's Order.

**IT IS FURTHER RECOMMENDED** that the Court grant Plaintiff an additional sixty (60) days from the date of the filing of its Order to complete service of the summons and Second Amended Complaint on Defendants Moody and O'Neil.  If Plaintiff fails to complete service of the summons and Second Amended Complaint on Defendants Moody and O'Neil within the time ordered, the action may be dismissed as to each Defendant not served.  Defendants must answer the Second Amended Complaint (Doc. 6) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER RECOMMENDED** that the Court find that Plaintiff has responded to the Order to show cause (Doc. 94) and that the Court in its discretion not dismiss the action as to Defendants Moody and O'Neil for Plaintiff's failure to prosecute.

**IT IS FURTHER RECOMMENDED** that the Court dismiss without prejudice Defendants Corizon LLC and Corizon Health of New Jersey, LLC from this action.

**IT IS FURTHER RECOMMENDED** that the Court make the following orders**:**

1.  The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

2.  The United States Marshal shall notify Defendants Moody and O'Neil of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendants within twenty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) Within ten days after personal service is effected, file the return of

service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

3. If Defendants agree to waive service of the Summons and Second Amended Complaint, he or she shall **return the signed waiver forms to the United States Marshal, not the Plaintiff.**

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007).

Dated this 15th day of November, 2016.

_____
Eileen S. Willett
United States Magistrate Judge