# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth W Sebert, et al., | No. CV-16-00354-PHX-ROS (ESW) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

**TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

This is a civil rights action under 42 U.S.C. § 1983 that was originally filed in Arizona state court by Plaintiff. On February 6, 2016, Defendant Arizona Department of Corrections removed the action to this Court. (Doc. 1). On February 19, 2016, Plaintiff, through counsel, filed a Second Amended Complaint (Doc. 6). The Court ordered Defendants to answer the Second Amended Complaint. (Doc. 12). On November 4, 2016, Plaintiff's attorney filed a Motion to Withdraw as Counsel (Doc. 101), which the Court granted (Doc. 102). The Clerk of Court updated the docket to reflect Plaintiff's address that is set forth in the Motion to Withdraw as Counsel (Doc. 101 at 2).

On March 15 and 16, 2017, two Orders that the Clerk of Court mailed to Plaintiff's address of record were returned to the Court as undeliverable. (Docs. 117, 118). No forwarding information was provided on the returned envelopes.

On March 21, 2017, the State Defendants[1] filed a Motion for Order to Show Cause (Doc. 119), which the other Defendants joined (Doc. 121, 122). In their Motion (Doc. 119), the State Defendants indicate that Plaintiff failed to provide her initial disclosures as required by the Court's Scheduling Order (Doc. 110). On March 22, 2017, the undersigned issued an Order to Show Cause directing Plaintiff to file a Notice of Change Address or to show cause why the case should not be dismissed for failure to comply with the Court's Orders and LRCiv 83.3. (Doc. 123). The Court set April 5, 2017 as the deadline for Plaintiff's compliance with the Order. (*Id.*). On March 28, 2017, the Order to Show Cause was returned to the Court as undeliverable. (Doc. 124). To date, Plaintiff has not filed a Notice of Change of Address or responded to the Court's Order to Show Cause.

Plaintiff has the general duty to prosecute this case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). The Ninth Circuit Court of Appeals has rejected the "suggestion that [it] impose upon the district court an affirmative obligation to call the jailhouse to inquire into [an incarcerated litigant's] whereabouts prior to dismissing his lawsuit . . . ." *Id.* Plaintiff's failure to keep the Court informed of her new address constitutes failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S.

---

[1] The State Defendants include the State of Arizona and Charles Ryan. On December 27, 2016, the Court dismissed the Arizona Department of Corrections as a Defendant. (Doc. 104).

626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of her address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In this case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The undersigned therefore recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

For the above reasons,

**IT IS RECOMMENDED** that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the district court's judgment. However, pursuant to Federal Rule of Civil Procedure 72(b), the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 11th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge